| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO._____ |
| | | |
| GAIL ESTABROOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMERCIAL WAREHOUSE & | ) | |
| CARTAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff alleges against Defendant as follows:

1. Plaintiff is Gail Estabrook, a qualified employee who at all times material to this Complaint performed within the reasonable expectations of her employer. Plaintiff contends that she was discriminated and retaliated against for taking time off work pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C.A. § 2601 et seq., to tend to her own serious medical condition.

2. The Defendant is Commercial Warehouse & Cartage, Inc., a company doing business at 3402 Meyer Road, Fort Wayne, IN 46803. Defendant is an "employer" for the purposes of the FMLA.

3. Plaintiff worked for the Defendant from on or about April 2017 until her wrongful termination on May 04, 2019. At the time of separation from employment, Plaintiff was a full time Customer Service Representative.

4. In late 2018, Plaintiff learned that she needed to undergo surgery. Plaintiff's physician

ordered six weeks of rest post-operation. Plaintiff applied for and was approved to utilize time off work pursuant to the FMLA. On January 12, 2019, Plaintiff underwent surgery and began utilizing the time off work to which she was entitled.

5. Plaintiff was released by her doctor to return to work with no restrictions on February 22, 2019.

6. On February 19, 2019, Plaintiff received a letter from Defendant requesting the Plaintiff report to a new location, the Meyer Road location, upon returning from her leave.

7. Upon returning on February 22, 2019, Plaintiff was written up and given a "one-half letter of discipline" for tardiness stemming from January 11, the day before Plaintiff's surgery. Defendant noted in the write up that the Plaintiff had "been on medical leave since 1/12/19." Plaintiff contends that on January 11, 2019 she had notified the Defendant she was going to be late and was not notified at that time that it would be a problem. In fact, in the past two years Plaintiff had at least twice called in to work and notified Defendant she would be late and had never been written up or counseled for tardiness prior to her FMLA leave.

8. Further, Defendant failed to follow their own written "progression discipline policy" and "attendance policy" in that Defendant did not give a written warning to the Plaintiff before writing her up.

9. Unlike the Plaintiff's previous work location, where she had four customers and was trained for three weeks prior to working the customer accounts, the Plaintiff's new location was accompanied by eight new customers and no training as it pertained to each customer's specific needs.

EXHIBIT A

10. On March 15, 2019, Plaintiff was reprimanded for "performance and behavior" issues although the Plaintiff had no such issues in the years prior to her medical leave.

11. On March 25, 2019, and April 4, 2019, Plaintiff was written up and given one full letter of discipline each day for alleged mistakes. Interestingly, all identified incidents in the April 4th notice occurred prior to March 25, 2019, and yet, Plaintiff was issued two separate written notices.

12. Then, on May 2, 2019, Defendant presented a "Release from Employment" letter to Plaintiff, wherein the Defendant alleged one full letter of discipline was warranted for "failing to complete [her] work correctly." This letter of discipline is without merit and lacked any specific information as to why Plaintiff was receiving a write-up. Plaintiff was subsequently released from employment.

13. Plaintiff contends the reasons for her termination was false and pretextual; The adverse actions suffered by Plaintiff were in reality retaliatory and based upon Plaintiff's use of FMLA leave, which she was entitled to utilize to tend to her serious medical condition.

14. Defendant's retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of her job- and job-related benefits, such as income, and subjected her to emotional distress, inconvenience, mental anguish, embarrassment, and other damages and injuries. Plaintiff is entitled to compensatory damages.

15. Furthermore, the Defendant's retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the FMLA, warranting an imposition of liquidated damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory

–3–

damages, liquidated damages, reasonable attorney fees and costs, and all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**LAW OFFICE OF JENNIFER L. HITCHCOCK**

/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 1110
Fort Wayne, IN 46802
Telephone:   (260) 240-4644
Facsimile:   (260) 444-3441
E-mail:   Jennifer@jhitchcocklaw.com
Attorney for Plaintiff

EXHIBIT A